UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JIMMY A. HOLLINS,
    Plaintiff,

vs.          07-4037

JUDGE LARRY VANDERSNICK, et al.
    Defendants.

## ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A

The plaintiff, Jimmy Hollins, brings this action pursuant to 42 U.S.C.§1983 against three defendants including Fourteenth District State Court Judges Larry S. Vandersnick and Ted J. Hamer and Attorney Eugene Stockton.

The plaintiff first alleges that on April 23, 2007, Judge Vandersnick issued an arrest warrant for the plaintiff without probable cause for the offense of unlawful delivery of a controlled substance. The plaintiff further states that the judge was involved in a conspiracy to deprive him of his civil rights.

The plaintiff further alleges that on April 30, 2007, Judge Hamer violated his Fourteenth Amendment due process rights during a preliminary hearing. The plaintiff says the judge allowed the state to amend the charges against him to add an additional charge of unlawful criminal drug conspiracy. The plaintiff says the amendment should not have been allowed "before probable cause was found on the original charges." (Comp, p. 7) The plaintiff also alleges that Judge Hammer was involved in the conspiracy to deprive him of his civil rights.

Finally, the plaintiff alleges that Attorney Eugene Stockton violated his Fourteenth Amendment rights during the same preliminary hearing and participated in the conspiracy by allowing the state and the court to add the additional charge. Defendant Stockton was representing the plaintiff during the hearing. The plaintiff says Stockton should have objected to the addition of the new charge because he should have know the initial arrest warrant was not based on probable cause.

The plaintiff's claims against Judges Vandersnick and Hammer are dismissed for failure

1

to state a claim upon which relief can be granted. Judges are entitled to absolute immunity as long as their acts are within their jurisdiction and performed in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356-7 (1978). Judicial immunity applies, even when the action is alleged to have been in error, procedurally flawed, or with bad motive. *Id.* See also, *John v. Barron,* 897 F.2d. 1387, 1393 (7th Cir. 1990)(mere allegations of conspiracy insufficient to overcome judicial immunity). A judge's rulings during a hearing or issuing a warrant fit this criteria.

It is not entirely clear from the plaintiff's complaint whether Defendant Stockton was representing the plaintiff as a public defender or privately retained counsel. Nonetheless, the plaintiff has failed to state a violation of his constitutional rights based on Defendant Stockton's failure to object to the addition of another charge against the plaintiff during the preliminary hearing.

**IT IS THEREFORE ORDERED that:**

**1) The case is dismissed in its entirety pursuant to 28 U.S.C. §1915A for failure to state a claim. The case is terminated without prejudice.**

**2) The dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk is directed to record the strike against the plaintiff.**

**3) The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 10th day of August, 2007.

                                  s\Harold A. Baker
                              _____
                                  HAROLD A. BAKER
                              UNITED STATES DISTRICT JUDGE